

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3744
Re: Compensation of Special Associate Justice of the Court of Civil Appeals

Your request for opinion concerning the proper rate of compensation to be allowed per day for the services of Honorable Austin S. Dodd, Special Associate Justice of the Court of Civil Appeals for the 5th Supreme Judicial District of Texas, has been received and carefully considered by this department. We quote from your request as follows:

"The Honorable Austin S. Dodd has filed claim in this department for services as Special Associate Justice of the Court of Civil Appeals at Dallas at a rate of $20.27 per day, figured on the rate of pay allowed a district judge under Article 6819-A-2.

"This department raised the question as to whether the rate of pay should be $13.69 figured under Article 1681 instead of the $20.27 figured under Article 6819-A-2. I shall, therefore, thank you to advise the correct amount per day Judge Dodd is entitled to receive for his services as Special Associate Justice of the Court of Civil Appeals at Dallas.

"For your guidance in this matter I am attaching letter received from Judge Dodd, dated June 25, 1941, and shall thank you to return this letter to this department with your ruling to the above question."

We also quote from Judge Dodd's letter to you as follows:

Honorable George H. Sheppard, page 2

"I have your letter of June 24th returning
my account in the amount of $445.94 with the state-
ment that the rate of pay allowed special Associate
Justices is $13.69 per day, instead of $20.27.

"Of course, I do not want anythi g but what
the law allows. The basis for making the claim at
$20.27 is on account of the following authorities:

"In Holland vs. Harris County, 129 Texas 118,
108 S. W. (2nd) 196; the Supreme Court held that
the extra compensation paid by the counties for
District Judges is a part of his annual salary, and
a special District Judge was entitled to be paid on
that basis in Harris County.

"Article 6821 of the Statutes appears to fix
the pay of Special Justices on the Court of Civil
Appeals and Supreme Court at the same rate as
Special District Judges.

"Article 6819-a-2 (Vernon's Black Statutes,
Acts 1937, 45th Legislature, Page 456, Chapter 238)
says that the District Judges of counties having
certain population shall receive a salary of
$7500.00 per year, but that only $5,000.00 should
be paid out of State funds, and $2500.00 out of
County funds, and Article 6819-x (Vernon's Black
Statutes) which was enacted at the same Legislature,
fixed the salary of the Judges of the various
District Courts at $5,000.00. In Dallas County
under the fee bill, and on account of the 1940
census, District Judges receive $7400.00.

"I give you these authorities for the purpose
of showing the basis on which the claim was figured.
The language of the Supreme Court in Holland vs.
Harris County is: 'This $1500.00 is a part of
their pay as District Judges.' The $1500.00 refer-
red to is the compensation on account of the Juve-
nile Act which is quoted in the opinion. In part
this Act reads: 'the annual salary of each judge
of civil and criminal, district courts of such
County as members of said board shall be $1500.00

in addition to that paid the other district judges of the State.' Hence, as I construe Article 6821, which only says that Special Judges shall receive the same salary as district judges, and this case being in Dallas County, I took it as a matter of course that I would be entitled to the same pay as a district judge in Dallas County.

"Please let me know what your reaction to these authorities is."

Article 1621, V. A. C. S., cited by you in your letter, has no application here; you evidently intend to refer to Article 6821, V. A. C. S., which reads as follows:

"The salaries of special judges commissioned by the Governor in obedience to Section 11, Article 5, of the Constitution, or elected by the practicing lawyers or agreed upon by the parties as provided by law, shall be determined and paid as follows:

"1. Each special judge shall receive the same pay as district judges for every day that he may be occupied in performing the duties of judge, and those commissioned by the Governor shall also receive the same pay as district judges for every day they may be necessarily occupied in going to and returning from the place where they may be required to hold court.

"2. The amount of such salary shall be ascertained by dividing the salary allowed a district judge by three hundred and sixty-five, and then multiplying the quotient by the number of days actually served by the special judge.

"3. A judge so commissioned shall, in order to obtain his salary, present his sworn account to the Comptroller, showing the number of days necessarily occupied in going to and returning from such place, accompanied by evidence that he was duly commissioned. Such account shall be certified to be correct by the judge of the district, or by the clerk of the court in which the services were performed.

632

"4. A judge so elected or agreed upon shall be paid for his services on presentation to the Comptroller of the certificate of the clerk of the court in which such services were performed, showing the record of such election or appointment and services, and accompanied by the sworn account of such judge showing the number of days actually served by him as such special judge."

Section 11 of Article 5 of our State Constitution reads as follows:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case. When the Supreme Court, the Court of Criminal Appeals, the Court of Civil Appeals, or any member of either, shall be thus disqualified to hear and determine any case or cases in said court, the same shall be certified to the Governor of the State, who shall immediately commission the requisite number of persons learned in the law for the trial and determination of such cause or causes. When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case; or upon their failing to do so, a competent person may be appointed to try the same in the county where it is pending, in such manner as may be prescribed by law.

"And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law. This disqualification of judges of inferior tribunals shall be remedied and vacancies in their offices filled as may be prescribed by law."

Article 6819-A-2, V. A. C. S., reads as follows:

"The District Judges of counties having a population of 325,000 and not over 350,000 according to the last preceding Federal Census shall

receive the salary of Seven Thousand Five Hundred ($7,500.00) Dollars per year including the salary as Juvenile officers; providing that only Five Thousand ($5,000.00) Dollars be paid out of State Funds and Two Thousand Five Hundred ($2,500.00) Dollars out of County Funds."

Article 6819-A-2 is not applicable to Dallas County because of the population change. The population of Dallas County according to the 1940 Federal Census is 398,564 inhabitants.

Article 6819e, V. A. C. S., reads as follows:

"From and after the passage of this Act, the Judges of the various District Courts and of the Criminal District Courts of this State shall each be paid an annual salary of Five Thousand Dollars ($5,000.00), payable in equal monthly installments."

Article 5139, V. A. C. S., reads as follows:

"In any county having a population of one hundred thousand or over, according to the preceding Federal census, the judges of the several district and criminal district courts of such county, together with the county judge of such county, are hereby constituted a Juvenile Board for such county. The annual salary of each of the judges of the civil and criminal district courts of such county as members of said board shall be $1,500 in addition to that paid the other district judges of the State, said additional salary to be paid monthly out of the general funds of such county, upon the order of the commissioners court."

Section 1-a of Article 5142a, V. A. C. S., applicable to counties having a population in excess of $50,000 inhabitants, reads as follows:

"For the additional services and duties required by this Act each District Judge in any county coming under th terms of this Act shall receive in addition to all other compensation now provided by law, the sum of Seventy-five Dollars ($75) per month out of the General Fund of such county."

Honorable George H. Sheppard, Page 6

The salary of a District Judge of Dallas County is as follows:

"$5,000 per annum paid by the State of Texas under Article 6819e, V. A. C. S.

"$1,500 per annum for juvenile services paid by Dallas County under Article 5139, V. A. C. S.

"$900 per annum for additional services paid by Dallas County under Section 1a of Article 5142A, V. A. C. S."

which makes a total of $7,400.00.

The case of Holland v. Harris County, 102 S. W. (2d) 196, affirmed in 103 S. W. (2d) 1067, cited by Judge Dodd, holds that Harris County, Texas, was liable to a special district judge for the pro rata portion of compensation due under Article 5139 (the $1,500 additional salary for juvenile services) even though the special judge had not performed any services for the juvenile board. Under the facts in the case, the State had already paid its portion of the special district judge's salary and the only question involved was the county's liability.

If Judge Dodd had served as Special District Judge of Dallas County we would agree that he should be compensated on the basis of a $5,000 salary from the State and a $2,400 salary from the county, receiving proportionate shares from the State and county. But even as Special District Judge of Dallas County, he would not be entitled to more than $13.69 per day from the State. If he were Special District Judge he would have to look to Dallas County for his additional compensation.

But Judge Dodd did not serve as Special District Judge of Dallas County but served as Associate Justice of the Court of Civil Appeals for the 5th Supreme Judicial District of Texas. The Fifth Supreme Judicial District is composed of Grayson, Collin, Dallas, Rockwall, Henderson, Kaufman, Van Zandt and Hunt Counties. Grayson County is in the 15th and 59th Judicial Districts; Collin County is in the 59th Judicial District; Hunt County is in the 8th and 62nd Judicial Districts; Van Zandt, Kaufman and Rockwall Counties make up the 86th Judicial District; Henderson County is in the 3rd Judicial District and Dallas County comprises the 14th, 44th, 68th, 95th, 101st and 116th Judicial Districts of this State.

Each and all of the District Judges of the counties within the 5th Supreme Judicial District receive a salary of $5,000.00 from the State of Texas. The District Judges of Dallas County are the only judges within the 5th Supreme Judicial District who receive additional compensation for their services on juvenile boards <u>from the county</u>.

The Special Associate Justice of the Court of Civil Appeals for the 5th Supreme Judicial District does not serve for Dallas County alone but serves for the entire district and acts as a judge of the entire district.

It is therefore our opinion that the proper rate of compensation in the above matter is $13.69 per day (based on the quotient of a 1/365th portion of a $5,000.00 salary) to be paid by the State.

It is our further opinion that Dallas County would not be liable for any salary for said Special Associate Justice.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED JUL 11, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:GO



APPROVED
OPINION
COMMITTEE
BY